UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATIONAL FIRE INSURANCE
COMPANY OF HARTFORD,

    Plaintiff,

v.                                           Case No: 8:15-cv-2639-T-30JSS

FCCI COMMERCIAL INSURANCE
COMPANY and AUTO-OWNERS
INSURANCE COMPANY,

    Defendants.

## ORDER

THIS CAUSE is before the Court on Defendant Auto-Owners Insurance Company's Motion to Dismiss (Dkt. 15), and Plaintiff's Response. The Court has considered the pleadings and the applicable law and concludes, for the reasons discussed below, that the motion should be granted in part and denied in part.

## FACTUAL BACKGROUND

Plaintiff National Fire Insurance Company was a liability insurer for West Tampa Glass Company, a subcontractor on a condominium construction project in Sarasota, Florida. While still in construction, a storm caused damage to the condo building, after which the general contractor and several subcontractors, including West Tampa Glass, disputed where to lay blame for the damage. Eventually, the general contractor filed a lawsuit against West Tampa Glass and others in Florida state court.

West Tampa Glass thereafter settled all claims against it by paying the general contractor $500,000. Concluding that the claims were covered by its primary insurance policy, National Fire paid the $500,000 on West Tampa Glass's behalf.

According to National Fire's complaint, West Tampa Glass was also insured by Defendants FCCI Commercial Insurance and Auto-Owners. Against these alleged mutual insurers, National Fire seeks a declaratory judgment for unjust enrichment (Count I), equitable subrogation (Count II), and equitable contribution (Count III). Auto-Owners now moves to dismiss all counts for failure to state a claim on which relief may be granted. As discussed below, only Count II will be dismissed.

**Motion to Dismiss Standard**

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim on which relief can be granted. When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). "[T]hey must be supported by factual allegations." *Id.*

In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a complaint must instead contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (internal quotation marks and

citations omitted). This plausibility standard is met when the plaintiff pleads enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

**Count I – Unjust Enrichment**

Under Florida law—which, the parties agree, applies here—a plaintiff states a claim for unjust enrichment by pleading three elements: (1) that the plaintiff conferred a benefit on the defendant; (2) that the defendant appreciated the benefit; (3) and that the defendant accepted and retained the benefit under circumstances that would make it inequitable for him to retain it without paying for its value. *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012) (citing *Fla. Power Corp. v. City of Winter Park*, 887 So.2d 1237, 1241 n. 4 (Fla. 2004)).

National Fire's complaint alleges that, as a primary insurance provider, it paid $500,000 to settle the legal claims against West Tampa Glass. The complaint also alleges that an Auto-Owners insurance policy likewise provided primary coverage to West Tampa Glass and, more specifically, that the insurance policy covered the claims against West Tampa Glass that National Fire alone paid. Accepting these factual allegations as true, which the Court must, it is certainly plausible (1) that National Fire conferred a benefit on Auto-Owners by paying the entirety of the $500,000 settlement, (2) that Auto-Owners appreciated the fact that it did not have to pay part of that settlement, and (3) that for one of multiple primary insurance providers to pay an entire claim, while the others pay nothing, would be inequitable. This conclusion means that the motion to dismiss Count I must be denied. *See Ashcroft*, 556 U.S. at 678.

**Count II – Equitable Subrogation**

A claim for equitable subrogation has five elements: (1) that the plaintiff—i.e. subrogee—made a payment to protect his or her own interest; (2) that the plaintiff did not act as a volunteer; (3) that the plaintiff was not primarily liable for the debt; (4) that the plaintiff paid off the entire debt; and (5) that subrogation would not work any injustice to the rights of a third party. *Nova Info. Sys., Inc. v. Greenwich Ins. Co.*, 365 F.3d 996, 1005 (11th Cir. 2004) (citing *Dade County School Bd. V. Radio Station WQBA*, 731 So.2d 638, 646 (Fla. 1999)).

As Auto-Owners motion points out, National Fire's complaint concedes that National Fire provided West Tampa Glass a primary insurance policy and was liable, under that policy, to pay the $500,000 settlement on West Tampa Glass's behalf. *See* Dkt. 1, p. 7 ("On behalf of [West Tampa Glass], National Fire paid [the settlement]. . . ."); *see also* id., p. 11 ("This insurance is primary . . . ."). As a primary insurer, National Fire cannot state a claim for equitable subrogation because it cannot satisfy the claim's third element—that it was not primarily liable for the debt. Auto-Owners motion to dismiss Count II will be granted.

**Count III – Equitable Contribution**

The doctrine of equitable contribution "attempts to distribute equally among those who have a common obligation, the burden of performing that obligation." *Nova Info Sys., Inc.*, 365 F.3d at 1006 (quoting *Fletcher v. Anderson*, 616 So.2d 1201, 1202 (Fla. 2d DCA 1993)). It exists "to prevent one joint obligor from being required to pay more than his fair share of a common burden." *U.S. Fidelity & Gaur. Co. v. Liberty Surplus Ins.*

4

*Corp.*, No. 6:06-cv-1180-Orl-31UAM, 2007 WL 3275307, *2 (M.D. Fla. Oct. 31, 2007) (citing *Lopez v. Lopez*, 90 So.2d 456, 458 (Fla. 1956)).

National Fire has sufficiently pled that both it and Auto-Owners were obliged to pay the $500,000 settlement of their co-insured, West Tampa Glass. Accordingly, Auto-Owners motion to dismiss Count III should be denied.

It is ORDERED AND ADJUDGED that:

1. Defendant Auto-Owners Insurance Company's Motion to Dismiss (Dkt. 15) is GRANTED in part and DENIED in part. As to Counts I and III of the complaint, the motion is DENIED; Count II is DISMISSED WITH PREJUDICE.

**DONE** and **ORDERED** in Tampa, Florida, this 9th day of February, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record